IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

— — —

**MARK ADAMS;** and
**DAINIA ADAMS,**

   *Plaintiffs*,

  v.

**JAVINA TRANSPORT LLC;** and
**JAMES GROVES,**

   *Defendants*.

Civil No. _____

# COMPLAINT

Come the Plaintiffs, Mark Adams and Dainia Adams, hereinafter ("Plaintiffs") by and through counsel, and for cause of action, aver the following:

1. Plaintiffs are citizens and residents of the State of Tennessee, Knox County, who live at 1839 River Poppy Road, Mascot, TN 37806.

2. Upon information and belief, the Defendant, Javina Transport LLC ("Javina"), is a company formed under the laws of the State of Kentucky with its principal office located at 12060 Franklin Road, Franklin, KY 42134, where it may be served with process. This defendant is a citizen of Kentucky for purposes of diversity jurisdiction.

3. Upon information and belief, the Defendant, James Groves ("Groves"), resides at 12060 Franklin Road, Franklin, KY 42134, where he may be served with process. This defendant is a citizen of Kentucky for purposes of diversity jurisdiction.

4. There is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. 1332.

6. The events hereinafter complained of occurred in Roane County, Tennessee.

7. This Court is the proper venue for this matter pursuant to 28 U.S.C. 1391(b)(2).

8. At all relevant times, Javina has been engaged in the trucking business as an interstate commercial carrier which owns, operates, and/or maintains one or more vehicles on the roadways of the State of Tennessee, including but not limited to, in Knox County, Tennessee.

9. This Court has personal jurisdiction over Javina in accordance with Tennessee's "long arm statutes," Tenn. Code Ann. 20-2-201, et seq., consistent with the due process clause of the Fourteenth Amendment to the United States Constitution.

10. At all relevant times, Javina has been a "motor carrier" and "employer" within the meaning of, and subject to the provisions of, The Federal Motor Carrier Safety Regulations ("FMCSR") that are set for in Title 49 of the Code of Federal Regulations. Javina's DOT number is 02477515. Tennessee has adopted the FMCSR, (See Tenn. Comp. R. & Reg. 1340-06-01-.08).

11. At all relevant times, Groves has been a professional truck driver who had or should have had a commercial driver's license.

12. At all relevant times, Groves was the "driver" and an "employee" of Javina within the meaning of, and subject to the provisions of, FMCSR, including but not limited to 49 CFR § 390.5.

13. Javina, as a motor carrier, is liable for the negligence of its "employee," which under the FMCSR, including specifically 49 CFR 390.5, is a term that includes "an independent contractor while in the course of operating a commercial motor vehicle."

14. In the alternative, on February 9, 2021, Groves was operating the tractor-trailer truck, which is the subject of this lawsuit, with the expressed permission and authority of Javina.

15. This Court has personal jurisdiction over Groves in accordance with Tennessee's "long arm statutes," Tenn. Code Ann. 20-2-201, et seq., consistent with the due process clause of the Fourteenth Amendment to the United States Constitution.

16. On February 9, 2021 at approximately 6:07 p.m., Groves was operating Javina's 1998 KW, VIN #1XKWD29X8WJ760730, traveling east on Interstate 40 at approximately Mile Marker 350, where the posted speed limit was 70 mph.

17. The tractor was owned by Javina.

18. In the alternative, the tractor was owned by Groves, and was being operated under the Javina Transport LLC company name, with the express permission and authority of Javina.

19. At the time of the accident, the tractor and trailer were being operated with the permission of, on behalf of, and for the business purposes of Javina.

20. In the alternative, the trailer was owned, leased by, or otherwise in the control of Groves.

21. Upon information and belief, the tractor had a gross weight of greater than twenty-six thousand pounds.

22. Upon information and belief, the tractor met the criteria of a commercial motor vehicle pursuant to 49 CFR 390.5.

23. Also on February 9, 2021, at approximately 6:07 p.m., Plaintiff Mark Adams was operating a 2013 Ford F-150 truck, VIN #1FTFW1EF7DFA62543. Plaintiff Dainia Adams was a passenger in said vehicle. Plaintiffs were also traveling east on Interstate 40, in front of the tractor-trailer being operated by Groves.

24. Plaintiff Mark Adams was operating his vehicle in a careful, safe and reasonable manner.

25. As Groves approached Plaintiffs, Groves did not slow the tractor-trailer in a careful, safe, or reasonable manner, but instead, caused the front of the tractor to violently strike the rear of the Plaintiffs' vehicle, knocking the Plaintiffs' vehicle into another tractor-trailer, coming to a rest under the trailer of said vehicle.

26. Had Groves been operating the tractor-trailer in a reasonably careful manner, the collision would have been prevented.

27. The collision proximately caused Plaintiffs to suffer severe, painful, permanent and disabling injuries and damages.

28. The Plaintiffs' injuries were the result of Groves' negligence and recklessness, which include but are not limited to:

> (a) Following too closely;
>
> (b) Operating the tractor-trailer in excess of the posted speed limit;
>
> (c) Exceeding a safe speed under the circumstances;
>
> (d) Failure to pay attention to the safe operation of the tractor-trailer;
>
> (e) Failure to observe and respond to signage warning of traffic;
>
> (f) Failing to maintain control of the tractor-trailer;
>
> (g) Failing to use proper visual search and hazard avoidance techniques;
>
> (h) Failure to keep a lookout, and to observe the traffic ahead including the Plaintiffs' vehicle which was in plain view;
>
> (i) Failure to exercise due and reasonable care for others using Interstate 40, including the Plaintiffs; and

(j) Driving recklessly.

29. Groves was also guilty of violating Tennessee statutes and safety regulations. The violations constitute negligence per se or negligence as a matter of law, and either alone or in combination with Groves' other acts of negligence and recklessness, caused the motor vehicle collision and the resulting injuries, and suffering. The following statutes and safety regulations were violated:

(a) §55-8-136, Due Care – (b) "…every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and be devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person…" and

(b) § 55-10-205, Reckless Driving – (a) "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

30. Groves was also guilty of violating one or more of the FMCSR's, which violations also constitute negligence per se, or negligence as a matter of law, and either alone or in combination with Groves' other acts of common law negligence and recklessness and violations of Tennessee statutes and regulations, caused the motor vehicle collision and the resulting injuries, and pain and suffering. These violations included, without limitation, Groves' violation of 49 CFR § 383.113, requiring the use of proper visual search methods and speed control for traffic conditions, and 49 CFR § 392.2, requiring the motor vehicle be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

31. At the time of the collision, Groves was an employee of Javina, and he was acting for and on behalf of Javina's business operation, within the course and scope of his authority and assignment, with Javina's permission under circumstances in which Javina had the right to supervise and control him.

32. In the alternative, Groves contracted with Javina such that his actions were for the benefit of Javina, operating their tractor with their permission.

33. Under the doctrine of Respondent Superior, Javina is legally responsible for all injuries, damages, and losses alleged herein, which were cause in whole by Groves' negligence, negligence per se, and/or reckless acts or admissions.

34. At the time of the collision, the tractor being driven by Groves was owned by and registered to Defendant Javina.

35. Pursuant to KRS § 189.228, Javina Transport LLC is the responsible owner of the tractor-trailer vehicle at issue.

36. Javina is legally responsible for the injuries, damages, and losses alleged herein because:

    (a) Groves' operation of the tractor-trailer was with Javina's authority, consent and knowledge;

    (b) Operation of the tractor-trailer was for its use and benefit; and

    (c) The tractor-trailer was being operated within the course and scope of Groves' employment or contract.

28. Plaintiffs rely on Tenn. Code Ann. 55-10-311 – Prima facie evidence of ownership of automobile and use in owner's business, and/or Tenn. Code Ann. 55-10-312 – Registration prima facie evidence of ownership and that operation was for owner's benefit, and aver that the

tractor trailer's owner is vicariously responsible for the acts and omissions herein attributed to Groves.

29. Injuries of the Plaintiffs were directly and proximately caused both defendants, jointly and severally, causing the Plaintiffs' numerous injures requiring multiple surgeries, disfigurement, continued therapy, lost wages, the need for future treatment, and ongoing pain and suffering.

30. Javina negligently and recklessly caused Plaintiffs' injuries, and damages by acts or omissions which included one or more of the following:

    (a) Negligently or otherwise wrongfully hiring, training, supervising, assigning, monitoring or retaining Groves as its employee;

    (b) Negligently or otherwise wrongfully failing to have or enforce adequate safety policies, practices and procedures which it was required to have and enforce under prevailing law in order to apply with the applicable standard of care for interstate motor carriers;

    (c) Negligently or otherwise wrongfully failing to safely equip, maintain, service, inspect or repair its tractor-trailer truck;

    (d) Negligently or otherwise wrongfully failing to comply with FMCSR's; and

    (e) Aiding or abetting in Groves' violations of statutes and regulations, including without limitation, the FMCSR's.

31. Defendants are negligent in failing to meet their duties and responsibilities under the FMCSR and industry standards, as set forth herein.

32. Defendants are jointly and severely liable to Plaintiffs for Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray:

i. That Defendants properly be served with a copy of the Summons and Complaint and be made to answer within the time prescribed by law;

ii. That Defendants be found jointly and severely liable to the Plaintiffs;

iii. That a jury <u>of six</u> decide this cause;

iv. That Plaintiff, Mark Adams, be awarded compensatory damages in the amount of <u>One Million Five Hundred Thousand Dollars</u> ($1,500,000.00);

v. That Plaintiff, Dainia Adams, be awarded compensatory damages in the amount of <u>One Million Five Hundred Thousand Dollars</u> ($1,500,000.00); and

vi. That Plaintiffs have such other and further general relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael C. Inman
Michael C. Inman, TN BPR #022858
9111 Cross Park Drive, Ste. E290
Knoxville, TN 37923
Telephone: (865) 470-4770
Facsimile: (865) 470-4870
Email: michael@inmanandstadler.com
*Counsel for Plaintiffs*

/s/ Grant E. Mitchell
Weldon E. Patterson, TN BPR #13608
Grant E. Mitchell, TN BPR #036878
Butler, Vines & Babb, PLLC
2701 Kingston Pike
Knoxville, Tennessee 37919
Telephone: (865) 637-3531
Facsimile: (865) 637-3385
Email: WPatterson@bvblaw.com
Email: GMitchell@bvblaw.com
*Co-Counsel for Plaintiffs*