UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK ADAMS, and <br> DAINIA ADAMS, <br><br> Plaintiffs, <br><br> v. <br><br> JAVINA TRANSPORT LLC, and <br> JAMES GROVES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:22-CV-24-KAC-JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER DISMISSING DIRECT NEGLIGENCE CLAIMS AGAINST DEFENDANT JAVINA TRANSPORT LLC

On April 1, 2022, Defendant Javina Transport LLC ("Javina") filed a "Motion for Partial Dismissal" [Doc. 13] asking the Court to dismiss Plaintiffs' direct negligence claims against it under Federal Rule of Civil Procedure 12(b)(6) because Javina admits that it is vicariously liable for any negligence of its employee Defendant James Groves [Doc. 13 at 1]. Because the Tennessee Supreme Court would likely follow the majority preemption rule, thereby barring Plaintiffs' direct negligence claims against Javina in this precise situation, the Court grants Javina's "Motion for Partial Dismissal" [Doc. 13]. *See* Fed. R. Civ. P. 12(b)(6).

**I.   Facts**

On February 9, 2021, Plaintiff Mark Adams was operating a 2013 Ford F-150 truck traveling east on Interstate 40 with Plaintiff Dainia Adams as a passenger [Doc. 1 ¶ 23].[1] Defendant Groves, in connection with his employment with Javina, was operating a tractor-trailer

---

[1] At this stage in the litigation, the Court construes the Complaint in the light most favorable to Plaintiffs, accepts all well-pled factual allegations as true, and draws all reasonable inferences in Plaintiffs' favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

directly behind Plaintiffs' vehicle [*Id.* ¶¶ 16-20, 25]. The tractor-trailer, operated by Groves, struck the rear of Plaintiffs' vehicle, "knocking the Plaintiffs' vehicle into another tractor-trailer, [where it came] to rest under the trailer of said vehicle" [*Id.* ¶ 25]. Plaintiffs allege the collision caused them to suffer "severe, painful, permanent and disabling injuries and damages," [*Id.* ¶ 27].

## II.     Procedural History

Plaintiffs filed suit on January 21, 2022, alleging claims for (1) negligence against Groves; (2) respondeat superior liability against Javina for the negligence of Groves; and (3) direct negligence against Javina [Doc. 1 ¶¶ 28-32]. Defendant Groves admitted that he was driving under the motor carrier authority of Javina at the time of the alleged incident and "that any negligence assigned to him would be imputed to [D]efendant Javina under the doctrine of *respondeat superior*" [Doc. 12 ¶ 33]. On April 1, 2022, Javina filed its "Motion for Partial Dismissal" [Doc. 13], admitting that it would be vicariously liable for Groves's negligence, if any, and requesting dismissal of the direct negligence claims against it under the majority preemption rule [*Id.* at 1].

## III.    Analysis

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the Complaint in the light most favorable to Plaintiffs, accept all well-pled factual allegations as true, and draw all reasonable inferences in Plaintiffs' favor. *See Hogan*, 823 F.3d at 884. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2

"Where, as here, [the Court's] subject matter jurisdiction is based on diversity of citizenship, [the Court] appl[ies] the substantive law of the forum state"—here Tennessee. *See Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019) (citation omitted). In doing so, the Court is "bound by controlling decisions" of the "state's highest court," "and[,] in the absence of decisions addressing the issue, must predict how that court would rule by looking to 'all available data.'" *Id.* (quoting *Berrington*, 696 F.3d at 607). Under Tennessee's doctrine of respondeat superior, an employer is "vicariously liable for torts committed by its employee when that employee was acting within the scope of his employment." *Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002). However, there is a conflict among the states concerning the effect that a defendant-employer's admission of vicarious liability has on a direct negligence claim against that defendant-employer.

The majority of courts considering the question have held "that where an employer has admitted liability for the acts of its employee under another theory of recovery, it is improper to allow the plaintiff to proceed under direct negligence theories, as those claims merge with the vicarious liability claim." *Ryans v. Koch Foods, LLC*, No. 1:13-CV-234-SKL, 2015 WL 12942221, at *8 (E.D. Tenn. July 8, 2015) (citations omitted). The majority preemption rule is based on "the recognition that, in trying a direct negligence claim, proof will be admissible that is unduly prejudicial to the defendant, without expanding the potential recovery for the plaintiff." *Id.* at *8. Where an employer has admitted that it is vicariously liable for its employee driver, "plaintiff may recover all of the damages to which he or she is entitled merely by establishing the driver's negligence." *Id.* (citations omitted). Thus, "evidence of direct liability [of the employer] can serve no other purpose than to inflame the jury." *Id.* (citation omitted).

3

In contrast, the minority rule permits respondeat superior and direct negligence claims to continue concurrently even after an employer had admitted it is vicariously liable for the acts of its employee, concluding that an employer "may be liable both for injuries caused by its own direct negligence in hiring, training, retaining, or supervising an employee and for the injuries caused by its employee's negligent behavior." *See id.* at *9 (citing *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 334-35 (Ky. 2014)). "Minority rule courts reason that the danger of undue prejudice to the defendant can be ameliorated by trial court rulings as to the admissibility of individual pieces of evidence and by issuing limiting instructions to the jury." *Id.* (internal citations omitted).

Neither the Tennessee Supreme Court nor the Tennessee Court of Appeals have ruled definitively on the issue. However, each of the United States District Courts in Tennessee has concluded that the Supreme Court of Tennessee would follow the majority preemption rule. *See Ryans*, 2015 WL 12942221, at *9 (Eastern District of Tennessee); *see also Freeman v. Paddack Heavy Transp., Inc.,* No. 3:20-CV-00505, 2020 WL 7399026, at *3 (M.D. Tenn. Dec. 16, 2020) ("With Plaintiffs failing to identify any Tennessee case law supporting the position that Tennessee would reject the preemption rule—outside of the vacated *Jones* [*v. Windham*]—the Court is persuaded by the reasoning in *Ryans*."); *Teil v. Rowe*, No. 3:21-CV-00917, 2022 WL 187824, at *2 (M.D. Tenn. Jan. 20, 2022); *Swift v. Old Dominion Freight Lines, Inc.*, 583 F. Supp. 3d 1125, 1134 (W.D. Tenn. 2022) ("This Court finds the analysis set forth in *Ryans* and *Freeman* persuasive and similarly concludes that, based on available data, it is likely the Tennessee Supreme Court would adopt the preemption rule."); *Madrid v. Annett Holdings, Inc.*, 1:21-CV-1173, 2022 WL 1005307, at *3 (W.D. Tenn. Apr. 4, 2022) (noting that "[e]very other United States District Court sitting in the state of Tennessee to have considered this question has reached the

same result"); *Jackson v. Trendafilov*, No. 19-CV-02886, 2022 WL 1721210 (W.D. Tenn. May 27, 2022). As the Honorable Samuel H. Mays, Jr. recently explained:

> In *Ali* [*v. Fisher*, 245 S.W.3d 557 (Tenn. 2004)], the Tennessee Supreme Court held that "fault in a negligent entrustment case must be apportioned between the entrustor and an entrustee" and explained that Tennessee courts "have only rarely departed from the allocation of fault required under the system of comparative fault." *Id.* at 562–64. However, the *Ali* court noted that cases "where vicarious liability is based on an agency relationship between a principal and the principal's negligent agent, such as . . . respondeat superior" were an exception to the system of comparative fault. *Id.* at 564 (citing *Browder v. Morris*, 975 S.W.2d 308, 311–12 (Tenn. 1998)).
>
> District courts have reasoned that, where the respondeat superior exception identified in *Ali* applies, a principal is liable for any fault assigned to the agent and any damages resulting from the agent's negligence. *See, e.g., Madrid*, 2022 WL 1005307, at \*3. Direct negligence claims that cannot prevail without proof of the agent's negligence do not enlarge the plaintiff's potential recovery. *Id.* Where the principal has conceded respondeat superior liability for its agent's alleged negligence, the preemption rule serves to exclude proof that may be unduly prejudicial to the principal. *Id.*

*Trendafilov*, 2022 WL 1721210, at \*3.

This long line of well-reasoned authority is persuasive. Where, as here, a defendant-employer readily admits vicarious liability for the acts of its employee, the full amount of that employee's liability is imputed to the defendant-employer, and any direct claims of negligence are duplicative. Thus, this Court joins Tennessee's other federal courts in predicting that the Tennessee Supreme Court would adopt the majority preemption rule in this scenario. Here, because Javina has admitted that it is vicariously liable for any negligence of Groves under the doctrine of respondeat superior, Plaintiffs' claims for direct negligence against Javina are duplicative and cannot stand.

5

IV. **Conclusion**

Accordingly, the Court **GRANTS** Defendant Javina Transport LLC's "Motion for Partial Dismissal" [Doc. 13] and **DISMISSES** Plaintiffs' direct negligence claims against Javina Transport LLC.

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge